## GRIMES COUNTY v. SIDDALL.

### No. 9582.

Court of Civil Appeals of Texas. Galveston.
July 1, 1931.

Rehearing Denied July 22, 1931.

J. B. Leigh, of Navasota, and J. G. McDonald, of Anderson, for appellant.

T. P. Buffington, of Anderson, for appellee.

LANE, J.

In legal manner a public road was laid out by a jury of view appointed for such purpose in Grimes county, Tex., and through the town of Anderson in said county. The road as laid out passes through and takes a part of the lands of one George E. Siddall situated in the town of Anderson. The road at the point where it passes through Siddall's land is 100 feet wide and it takes a strip of his land of such width 299 feet in length.

At the time the road was being laid out Siddall appeared before the jury of view and claimed damages in the sum of $1,000 in case the road should be established as laid out. The jury of view, consisting of C. E. Williams, Clarence Moore, J. N. Baylor, and O. A. Hamilton, fixed the value of the land of Siddall, taken for the road, at $200, and allowed Siddall $50 for fencing and for the removal of a small house from the roadway. A report of its action was made by such jury of view to the commissioners' court of Grimes county, which court, over the protest of Siddall, approved the report and entered an order establishing the road as laid out.

Siddall appealed from the order of the commissioners' court to the county court, and again set up his claim for $1,000.

In the county court, Grimes county answered, insisting that the award made by the commissioners' court was a sufficient compensation to Siddall for all damages suffered by him. It alleged that "by reason of the building of said road the property of plaintiff (Siddall) other than that taken by said road will be considerably enhanced in value," and prayed that, in the event it be found that Siddall's land, not taken but which lies adjacent to that taken, would be damaged, the benefits or enhanced value to such land by reason of the construction of the road be offset against such damages.

The case was submitted to a jury upon two special issues, in answer to which the jury found, first, that $200 would reasonably compensate Siddall for damage suffered by him by reason of the taking of the strip of land for the road; and, second, that $250 was a reasonable compensation to Siddall for damage suffered by him to his land adjoining the strip taken by reason of such taking. Judgment was rendered upon such findings for G. E. Siddall for the sum of $450. From such judgment Grimes county has appealed.

As already shown, appellant alleged that, by reason of the building of the road, the property of appellee, other than that actually taken for road purposes, would be considerably increased in value, in that such property will, after such construction, be accessible at all times to the road in all weather, whereas said property is now almost inaccessible in wet weather.

Appellant, Grimes county, called as its witnesses C. E. Williams, Clarence Moore, and J. N. Baylor, three of those composing the jury of view which laid out the road in question. Each of these witnesses testified on direct examination that he did not know the market value of property in the town of Anderson, nor of the property of George Siddall; that in arriving at the value of Siddall's property for the purpose of allowing him damages for the land taken for the road they made inquiry as to the value of land in the town of Anderson of like kind as the land of Siddall and were told that there had been no sale of such land recently; that they then went to the tax records and found that Siddall had rendered his property involved in this suit for taxes at the sum of $850; that they went upon and looked at the property. They were then permitted, over objections of Siddall, to further testify that, after taking into consideration the information, as stated, they fixed the value of the land actually taken for road purposes at $200; that from the facts stated they were of opinion that the sum of $200 awarded by the jury of view was a fair compensation to Siddall for such land.

At this stage of the proceedings, appellant propounded to each of the witnesses the following question: "State to the jury whether or not the building of a *gravel road over the right-of-way in controversy* would increase or diminish the value of defendant's (Siddall's) land adjacent to said right-of-way?" (Italics ours.)

Counsel for appellee, Siddall, objected to the witnesses giving answer to such question; such objection being substantially, that there was no pleading to the effect that the construction of a *gravel road* on such right of way was contemplated. The court sustained the objection made by counsel for Siddall. If the witnesses had been permitted to reply to the questions asked, each of them would have testified that the construction of such a road as inquired about would increase the value of defendant's property adjacent to such road. Appellant assigns the rejection of the answers of the witnesses as error.

We overrule appellant's assignment. We think the inquiry as put by appellant to the witnesses was subject to the objection made thereto, and therefore the court did not err in refusing to permit the witnesses to make answer to same. It is not shown that after such objection was made appellant offered to make any manner of change in the question.

We think the court properly rejected the answers of the witnesses upon two theories: First, because it is not made to appear by any of the proceedings for the condemnation of appellee's land, nor in any record before us, that the construction of a gravel or any other specified class of road was to be laid upon the strip of land condemned; second, because the answers of the witnesses would not have signified that the construction of the road was of peculiar benefit to the land of appellee lying adjacent thereto, as distinguished from benefits to the properties of the residents of the town of Anderson generally. Only such benefits as are special and peculiar to the properties of appellee by reason of the construction of the road could be set off as against appellee's damages, suffered by reason of such construction. The benefits sought to be offset against the damages to appellee's property were not pleaded as peculiar benefits, and it seems that the evidence sought from the witnesses would not show that the benefits alleged were special and peculiar to appellee's property and not such as were received in common by the property owners in the community where appellee's property was situated.

Appellant complains of the admission of the testimony of W. S. McIntyre and A. D. Kennard, over its objection, as to the value of property in the town of Anderson not shown to have been in the same part of the town as was the property of appellee. The objection urged was that such testimony was immaterial and irrelevant to any issue in the case.

We agree with the contention of appellant that the evidence had no tendency to prove the value of the strip of land actually taken, nor the damages suffered by the land of appellee adjacent thereto. We think, however, the admission of such evidence was harmless, especially so, since appellant had introduced evidence of like kind.

Appellant does not contend that the award of $200 to appellee for the land actually taken is excessive, but its contention is only that by the construction of the road appellee's property had been benefited and that it should

have been permitted to prove the value of such benefits as an offset against any award made to appellee.

We have already disposed of the contention last mentioned, and it is therefore unnecessary to further discuss the same here.

Having reached the conclusions as above expressed, it becomes our duty to affirm the judgment, and it is accordingly so ordered.

Affirmed.